UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 7: 15-019-DCR |
| Plaintiff/Respondent, | ) | and |
| | ) | Civil Action No. 7: 17-cv-088-DCR |
| V. | ) | |
| | ) | |
| WOODY DEAN ESTEP, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the defendant's motion for the appointment of counsel [Record No. 256] which was filed simultaneously with his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Record No. 254]. The appointment of counsel in a civil proceeding is justified only in exceptional circumstances, which are not present in this case. *See, e.g., Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996).

For motions seeking habeas relief, requests for the appointment of counsel are generally considered under 18 U.S.C. § 3006A. *See* 28 U.S.C. § 2255(g). Ultimately, however, the decision to appoint counsel rests within the sound discretion of the Court, based on the interests of justice and due process. *See* 18 U.S.C. § 3006A(a)(2)(B). Counsel should be appointed "if, given the difficulty of the case and the litigant's ability, [he] could not obtain justice without an attorney, [he] could not obtain a lawyer on [his] own, and [he] would have had a reasonable chance of winning with a lawyer at [his] side." *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997).

Estep claims that his trial attorney was constitutionally ineffective for failing to perform an adequate investigation and for neglecting to challenge the factual basis of his guilty plea. [Record No. 254–1, p. 5] He also claims that Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), renders his career offender enhancement under the U.S. Sentencing Guidelines invalid. Having reviewed these claims, the Court does not believe that the appointment of counsel is warranted in connection with Estep's motion seeking relief under § 2255. These issues are not complex and most likely can be determined from the record. At this stage of the case, appointment of counsel would be a waste of limited resources. Neither due process nor the best interests of justice indicate that counsel should be provided. Accordingly, it is hereby

**ORDERED** that Estep's motion for the appointment of counsel [Record No. 256] is **DENIED**.

This 25th day of May, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge