UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 7: 15-019-DCR |
| Plaintiff/Respondent, ) | and |
| ) | Civil Action No. 7: 17-088-DCR-EBA |
| V. ) | |
| ) | |
| WOODY DEAN ESTEP, ) | **MEMORANDUM ORDER** |
| ) | |
| Defendant/Movant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant/Movant Woody Dean Estep and several co-defendants were charged with drug trafficking by a federal grand jury in December 2015. [Record No. 1] Estep's charges included conspiring with others to distribute a mixture containing methamphetamine during the period November 2014 through December 3, 2015 (Count 1) and distributing a mixture containing methamphetamine on August 19, 2015 (Count 5). After evaluating the government's evidence against him, Estep decided to enter a guilty plea to Count 1 during a change-of-plea hearing held on January 29, 2016. [Record No. 84] During the hearing, the undersigned questioned Estep to confirm that there was a factual basis for his guilty plea and that the defendant fully understood the potential penalties and consequences of his decision to forego a jury trial.

Estep was later determined to be a career offender under the relevant provisions of the United States Sentencing Guidelines. On May 6, 2016, he was sentenced to a term of imprisonment of 160 months, to be followed by an eight-year term of supervised release.

[Record No. 175] Although Estep reserved the right to challenge his sentence through a direct appeal, he did not do.  However, approximately one year later, Estep moved the Court to vacate, set aside or correct his sentence in accordance with 28 U.S.C. §2255. [Record No. 254]  Estep claims that he is entitled to this relief because there was an insufficient factual basis to convict him of a conspiracy offense.  Additionally, he contends that the Supreme Court's recent decision in *Mathis v. United States*, 136 S.Ct. 224 (2016), provides an additional basis for the relief sought.  More specifically, Estep claims that his prior drug convictions do not qualify as necessary predicates under the career offender provisions of the United States Sentencing Guidelines.

In accordance with local practice, Estep's motion was referred to United States Magistrate Judge Edward B. Atkins for initial consideration.  Following briefing by the parties, Magistrate Judge Atkins filed a Report and Recommendation on October 17, 2017, recommending that Estep's motion be denied and the action be dismissed and stricken from the docket.  [Record No. 266]  The parties have not filed objections to the Magistrate Judge's Report and Recommendation within the time permitted.

This Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendation to which objections are made.  28 U.S.C. § 636(b)(1)(C). However, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nevertheless, the Court has examined the record *de novo* and agrees with the Magistrate

Judge that denial of the relief sought and dismissal of the collateral proceeding is appropriate.

Estep's assertion that there was insufficient evidence to sustain a conspiracy conviction is belied by his admissions outlined in the written plea agreement and as he acknowledged during the change-of-plea hearing. In short, as noted by the Magistrate Judge, Estep has failed to show that he was involved in a mere buyer-seller relationship.

Estep's second claim that he was insufficiently advised regarding the consequences of entering a guilty plea also falls woefully short of demonstrating that he is entitled to the relief sought. Although the defendant is illiterate, the undersigned went to great (and necessary) lengths during the change-of-plea hearing to insure that Estep was fully aware of the elements that the government would be required to prove to obtain a conviction on Count 1 of the indictment. The defendant was fully aware of the United States' proof requirements but acknowledged all elements necessary under Count 1. The transcript of the change-of-plea hearing fully confirms that Estep knowingly and voluntarily entered a guilty plea to this charge.

Finally, *Mathis, id*., provides no relief. As noted by the Magistrate Judge, *Mathis* did not announce a new rule of constitutional law and it is not retroactive to cases on collateral review. Additionally, it is of no consequence here because Estep was – and is – a career offender regardless of its holding.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 Proceedings, and 28 U.S.C. § 2253(c), the Court will deny a Certificate

of Appealability. Estep has failed to show that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong" or that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Being sufficiently advised, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's October 17, 2017, Report and Recommendation [Record No. 266] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant/Movant Woody Dean Estep's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Record No. 254] is **DENIED**.

3. This action is **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

4. A Certificate of Appealability shall not issue with respect to any issue raised in this proceeding.

This 13th day of November, 2017.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge